IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMEY LANAHAN and LORI LANAHAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 3:23-cv-00510 ) Judge Aleta A. Trauger |
| REGIONS BANK, REGIONS FINANCIAL CORP., GARY A. ASHTON, INC., D/B/A THE ASHTON REAL ESTATE GROUP OF REMAX ADVANTAGE, and PAMELA KING, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

Before the court is the Joint Motion to Dismiss with Prejudice (Doc. No. 76) filed by defendants Regions Bank and Regions Financial Corp. (collectively "Regions") and Gary Ashton, Inc. d/b/a The Ashton Real Estate Group of Re/Max Advantage ("Ashton"). The motion, supported by a Memorandum of Law (Doc. No. 77), is premised upon the plaintiffs' failure to serve responses to Regions' and Ashton's interrogatories and requests for production of documents by July 19, 2024, in violation of this court's Order (Doc. No. 75) and the parties' agreement.

After entry of a show-cause Order (Doc. No. 85) and a telephone call with the court on October 23, 2024, the plaintiffs, through counsel, filed a Response in opposition to the motion, supported by the Declaration of plaintiffs' counsel on October 25, 2024. (Doc. Nos. 88, 90.) In his Declaration and in the plaintiffs' Response, counsel lists a veritable "parade of horribles" he has encountered in his personal life, and he essentially throws himself upon the mercy of the court. He

also represents that he served the plaintiffs' discovery responses upon the defendants and offered dates for the plaintiffs' depositions at the same time as he filed his Response. He concedes the procedural history of this case as outlined by the defendants but asserts that the delays in the case are attributable to him rather than to his clients and that dismissal of this case with prejudice would be an unduly harsh sanction under the circumstances presented here.

The court recognizes that it would have the discretion under Rule 37(d) to dismiss this action with prejudice or to issue other sanctions in light of the plaintiffs' (or their attorney's) dilatory conduct in this case. However, the court finds that the defendants' ability to defend themselves in this action has not been substantially prejudiced by the delay, and the sanction of dismissal with prejudice would be unduly harsh in light of counsel's explanation of the personal issues that have interfered with his ability to diligently prosecute this case and his belated provision of the discovery sought by the defendants. The court, therefore, declines to exercise its discretion to dismiss the action with prejudice at this time. Plaintiffs' counsel is advised, however, that further unexplained and unexcused delays in the prosecution of this case will not be viewed so charitably.

The defendant's Motion to Dismiss with Prejudice (Doc. No. 76) is **DENIED**.

A case management conference will be held by telephone on **Tuesday, February 4, 2025 at 3:00 p.m.** The parties shall confer in advance of the conference in an effort to agree on any necessary deadlines that must be set. Judge Trauger's courtroom deputy will email the conference telephone number to counsel in advance.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge